UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDONNA B.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C19-5125 MJP

**ORDER AFFIRMING THE COMMISIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the partial denial of her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by finding her capable of light, rather than sedentary, work and by failing to address her absenteeism due to medical appointments. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## **BACKGROUND**

Plaintiff is currently 55 years old, has a high school education, and has worked as a retail sales and stock worker, cashier, and outreach worker. Dkt. 9, Admin. Record (AR) 165, 58. Her date last insured, for purposes of DIB, was June 30, 2012. AR 42. Plaintiff applied for benefits in February 2014, alleging disability as of May 25, 2011. AR 165. Plaintiff's applications were denied initially and on reconsideration. AR 163, 164, 187, 188. After the ALJ conducted

ORDER AFFIRMING THE COMMISIONER'S
FINAL DECISION AND DISMISSING THE
CASE WITH PREJUDICE - 1

hearings in August and December 2017, the ALJ issued a decision finding Plaintiff disabled beginning June 1, 2013. AR 100, 72, 40-61.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process outlined in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that, before the June 1, 2013, established onset date:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the May 2011 alleged onset date.

**Step two:** Plaintiff had the following severe impairments: history of degenerative disc disease with facet hypertrophy, bilateral hearing loss, breast carcinoma, human immunodeficiency virus (HIV), morbid obesity, and affective disorder.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Residual Functional Capacity:** Plaintiff could perform light work, further limited to standing and/or walking one to two hours at a time and four hours total per day. She could sit two hours at a time and six hours total. She required an option to alternate sitting and standing. She could occasionally bend, stoop, and kneel. She could crouch, squat, and crawl less than occasionally. She could not operate foot controls. She could not tolerate fast-paced production demands. She could not tolerate dangerous industrial settings, unprotected heights, ladders, or toxic levels of fumes, odors, or gases. Her work environment needed to allow the use of hearing aids. She required a well-defined routine provided in advance with few changes in a work setting or routine. She could do basic high school level calculations. She could engage in only routine and perfunctory social interactions.

**Step four:** Plaintiff could not perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed, she was not disabled.

AR 43-61. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

ORDER AFFIRMING THE COMMISIONER'S
FINAL DECISION AND DISMISSING THE
CASE WITH PREJUDICE - 2

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.    Trula Thompson, M.D.**

Plaintiff argues that Dr. Thompson "restricted [Plaintiff] to a sedentary RFC." Dkt. 9 at 6 (citing AR 2366). However, this argument relies on a misunderstanding of the record.

On April 1, 2013, Dr. Thompson received a referral to review medical evidence, including a February 2013 breast pathology report. AR 2365. Dr. Thompson completed the review on April 2, 2013. AR 2368. Plaintiff refers to AR 2365-67, which was the information that Dr. Thompson *received* and was asked to review. It indicated that Plaintiff was only capable of sedentary work, due to her breast cancer diagnosis, and noted her "HIV positive" status. AR 2366-67. Dr. Thompson's own opinions are found at AR 2368. Dr. Thompson wrote that the form she received "shows sed[entary] RFC, but [without more medical records], RFC is not

determinable." AR 2368. Dr. Thompson opined that, "[m]ost likely," Plaintiff would be found capable of work in the "light to possibly sed[entary] range." AR 2368.

Because Dr. Thompson did not limit Plaintiff to sedentary work, the ALJ did not err by failing to either incorporate the limitation into the RFC or provide sufficient reasons to reject it.

**B.      Light Exertional Level**

Plaintiff argues that the RFC restricting her to four hours standing/walking per day dictates that she "is limited to sedentary work," because the full range of light work requires standing/walking six hours per day. Dkt. 9 at 6 (citing SSR 96-8p). The Court disagrees. Plaintiff's RFC was greater than sedentary because she was able to stand/walk more than two hours per day (and could lift 20 pounds), but less than the full range of light because she could not stand/walk six hours per day. See 20 C.F.R. §§ 404.1567(a)-(b); 416.967(a)-(b). Because she was unable to perform the full range of light work, and because she had additional nonexertional limitations, the ALJ could not directly apply the Medical-Vocational Rules and, appropriately, called a vocational expert to testify to what jobs a person with Plaintiff's RFC could perform. *See* AR 59. At the December 2017 hearing, the ALJ gave the vocational expert a hypothetical RFC matching Plaintiff's. The hypothetical included "standing and walking … for no more than about four hours total of an eight-hour day and for between one and two hours at a time … and with a sit/stand alternating option…." AR 84-85. The vocational expert testified that, while the sit/stand requirement eroded the occupational base, significant numbers of jobs existed that were consistent with the RFC. AR 87-88. There are about 50,000 jobs nationwide as a small products assembler I, which is classified as a light job, but "given the sit/stand RFC, … maybe about half of those jobs[, *i.e.*, 25,000,] would be consistent with that RFC." AR 88. About 40,000 cashier positions, 5% of the 800,000 total nationwide, would be consistent with the

RFC. *Id*. The vocational expert also testified that all 30,000 office helper jobs were consistent with the hypothetical. *Id*. The Ninth Circuit has held that even 25,000 "represents a significant number of jobs in" the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). Each of these example occupations provides at least 25,000 jobs, and together they provide about 95,000 jobs nationally. These are obviously sufficient. Plaintiff contends the assembler job is inconsistent with the RFC limitation prohibiting "fast-paced production demands." AR 45; Dkt. 12 at 2 n. 2. The Court need not address Plaintiff's argument, because the office helper and cashier jobs alone are more than sufficient.

Plaintiff argues that the vocational expert's testimony is inconsistent with the *Dictionary of Occupational Titles* (DOT), because the jobs are classified as "light." Dkt. 9 at 6. The jobs are classified as light because they require exertion above the sedentary level. The jobs do not necessarily require the full range of light exertional abilities. Among occupations classified at a given exertional level, "particular occupations may not require *all* of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level." SSR 96-8p, 1996 WL 374184 at *3 (S.S.A. July 2, 1996) (emphasis added). Moreover, "individual jobs within an occupational category as performed for particular employers may not entail all of the requirements of the exertional level indicated for that category in the *Dictionary of Occupational Titles* and its related volumes." *Id*. It is not inconsistent with the DOT for a vocational expert to provide additional information that is not available in the DOT. The DOT classification as light indicated that the occupations required between two and six hours of standing/walking. The vocational expert provided the additional information that four hours was sufficient for office helper, cashier, and assembler jobs, and that all office helper and a certain percentage of cashier and assembler jobs permitted a sit/stand option. This additional

information was not inconsistent with the DOT. "Evidence from [vocational experts] can include information not listed in the DOT. … The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A [vocational expert] may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p (S.S.A. Dec. 4, 2000).

The vocational expert's testimony was not "rank speculation," as Plaintiff contends. Dkt. 12 at 3. It was based on the vocational expert's professional experience, education, and research. AR 97-98.

The Court concludes the ALJ did not err by failing to classify Plaintiff's RFC as sedentary.

**C.     Absenteeism**

The vocational expert testified that missing more than one day of work per month would "preclude competitive employment." AR 96. Plaintiff contends the ALJ erred by failing to account for medical appointments that happened at least twice monthly and, because her providers were a long distance from her home, required her to take an entire day off work for each appointment. Dkt. 9 at 7-8. Counsel provided the Appeals Council a list of medical appointments with citations to the record, purporting to document 30 appointments in the 14 months from June 2011 to July 2012. AR 471. No evidence in the Administrative Record establishes that Plaintiff's medically necessary appointments required more than one full day per month. Plaintiff's counsel asserts that "[t]he driving and parking alone is close to two hours," but Plaintiff's counsel is not a testifying witness in this case. Dkt. 9 at 8. Moreover, the cited records do not establish that all the medical appointments listed related to Plaintiff's allegedly-disabling impairments. One appointment was for a bee sting. AR 982. Another was for a toe

1  fracture. AR 1032.  For another appointment, Plaintiff did not show up.  AR 985; *see also* AR

2  954 (Plaintiff arrived so late that doctor could not see her).  Other records document phone calls,

3  not appointments.  AR 949, 959.  Plaintiff's counsel's list includes nonexistent appointments.

4  For example, he listed AR 950 and 954 as evidence that Plaintiff had appointments June 24, 25,

5  and 27, 2012.  AR 471.  However, these two pages only document a single appointment on June

6  25.

7        An ALJ is only required to address significant, probative evidence.  *Vincent v. Heckler*,

8  739 F.2d 1393, 1394–95 (9th Cir. 1984).  Plaintiff's counsel's list of appointments, containing

9  numerous serious inaccuracies, is not significant probative evidence.  Plaintiff has not shown the

10  ALJ erred by failing to consider Plaintiff's likely absenteeism due to medical appointments.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 9th day of August, 2019.

Marsha J. Pechman
United States District Judge